■ Gail Silberman, Appellant, v Reisman, Abramson, P.C., et al., Respondents. [866 NYS2d 42]—

Order, Supreme Court, New York County (Louis B. York, J.), entered July 20, 2007, which, in an action for legal malpractice arising out of defendants' representation of plaintiff in a workers' compensation proceeding, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

While an issue of fact exists as to whether defendants were negligent in failing to obtain plaintiff's medical records relating to the intervening 1990 accident, plaintiff adduces no evidence that but for such negligence the Workers' Compensation Board

would not have rejected her reopened claim for the 1983 accident (*see Russo v Feder, Kaszovitz, Isaacson, Weber, Skala & Bass*, 301 AD2d 63, 67 [2002]). There is simply nothing in the record to indicate the content of the medical records in question, and whether, as plaintiff claims, they would have shown that the intervening accident had no effect on her claimed present inability to work. Failure to demonstrate an issue of fact as to proximate cause requires dismissal of a legal malpractice action regardless of whether the attorney was negligent (*id.*). We have considered plaintiff's other arguments, including that defendants' failure to obtain the medical records should be sanctioned as a form of spoliation, and find them unavailing. Concur—Mazzarelli, J.P., Catterson, McGuire, Acosta and Renwick, JJ. [*See* 2007 NY Slip Op 32194(U).]